IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED
SEP 08 2015
David J. Bradley, Clerk of Court

| | |
|---|---|
| Eric Cruz, on behalf of himself and other similarly situated individuals, | |
| Plaintiff, | |
| v. | COLLECTIVE ACTION COMPLAINT |
| ConocoPhillips, and ConocoPhillips Company, | 15 CV 2573 |
| Defendants. | |

1. This is a collective action brought by Plaintiff Eric Cruz ("Plaintiff") on behalf of himself and all others similarly situated, to recover overtime compensation from ConocoPhillips and ConocoPhillips Company ("Defendants").

2. Defendants employ individuals in the project lead position, and in other similarly situated positions paid on a day rate basis. Plaintiff and the similarly-situated employees routinely work more than forty (40) hours in a workweek but are not paid an overtime premium for any of their overtime hours.

3. Plaintiff brings this action on behalf of himself and all similarly-situated individuals for violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff's FLSA claims are asserted as an opt-in collective action under the FLSA. See 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

5. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391 because Defendant ConocoPhillips' headquarters is located in Houston, Texas. Defendant ConocoPhillips Company's principal address is in Bartlesville, Oklahoma. A substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### Plaintiff

6. Plaintiff is an adult resident of Katy, Texas. Plaintiff worked for Defendants as a project lead from approximately August 2012 to March 2014 at work sites in around Kenedy, Texas.

7. Plaintiff brings this action on behalf of himself and all other similarly situated individuals nationwide (the "FLSA Collective") pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective are current and former employees of Defendants within the meaning of the FLSA, within the position of project lead and other similarly situated positions paid on a day rate basis, across the country within three years of the date this Complaint was filed. See 29 U.S.C. § 255(a).

### Defendants

8. Defendant ConocoPhillips is a foreign corporation and maintains its headquarters in Houston, Texas.

9. According to Defendant ConocoPhillips's 2014 Annual Report, Defendant Conoco Phillips, through its various subsidiaries, is engaged in crude oil and natural gas production activities in the United States and around the world. Defendant's headquarters are in Houston, Texas and it conducts business in numerous locations around the world, including in

Texas.

10. Defendant ConocoPhillips Company is a foreign corporation and maintains its principal address in Bartlesville, Oklahoma.

11. Upon information and belief, ConocoPhillips Company, as one of ConocoPhillips' many subsidiaries, is engaged in crude oil and natural gas production activities in the United States (including Texas) and around the world.

12. Defendants maintained a practice of employing day rate workers—including project leads—as "1099 employees," "consultants," and "independent contractors." Defendants also employed some project leads as W-2 employees. Regardless, they all worked under Defendants' direction and control.

13. Defendants are engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA and has a gross volume of sales in excess of $500,000.

## FACTUAL AND COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff and the FLSA Collective are individuals who work or worked for Defendants as project leads and in positions similarly situated and were paid a day rate with no overtime pay for hours worked over forty (40) in a workweek.

15. Plaintiff files this action on behalf of himself and all similarly situated individuals. The proposed FLSA Collective class is defined as follows:

> All project leads and those similarly situated who worked for Defendants and were paid a day rate at any time since three years prior to the filing of this Complaint.

16. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit A.

17. Other Plaintiffs have consented in writing to opt-into this action. Their signed consent forms are attached as Exhibit B.

18. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

19. Defendants unlawfully classified Plaintiff and the FLSA Collective as independent contractors to avoid its obligations to pay overtime, and to reap the benefits of such illegal classification such as reduced tax liability, avoiding workers' compensation and other benefits, and passing its operating costs on to its workforce.

20. Plaintiff and the FLSA Collective worked for Defendants on a full-time and continuing basis.

21. Plaintiff and the FLSA Collective were subject to Defendants' direction and control regarding the manner in which they performed their work. For example:

    A. Defendants had, and exercised the ability to, hire and fire Plaintiff and the FLSA Collective;

    B. Defendants supervised and controlled Plaintiff and the FLSA Collective's work by directing them on which work to perform, how to perform it, and when to perform it;

    C. Defendants disciplined Plaintiff and the FLSA Collective;

    D. Plaintiff and the FLSA Collective had to follow the direction of Defendants' management team, which included regular interaction from and directives from Defendants' engineers and supervisors;

    E. Defendants provided Plaintiff and FLSA Collective equipment, such hard hats with Defendants' name and logo on them, as well as gas monitors;

    F. Defendants provided Plaintiff and FLSA Collective with their own company email addresses and laptops to use in performing their work for Defendants;

G. Defendants required Plaintiff and the FLSA Collective to submit daily reports consisting of specific details outlining the work completed each day;

H. Defendants required Plaintiff and the FLSA Collective to complete weekly invoices, listing the specific days worked, locations, and expenses;

I. Defendants required Plaintiff and the FLSA Collective to submit invoices for compensation for their day's worked for Defendants' approval;

J. Defendants required Plaintiff and the FLSA Collective to attend meetings to discuss details and specifications related to safety and the work to be completed at worksites;

K. Defendants required Plaintiff and the FLSA Collective to attend monthly safety meetings at Defendants' offices;

L. Defendants required Plaintiff and the FLSA Collective to follow instructions, processes, and policies regarding the method by which their work was to be completed;

M. Plaintiff and the FLSA Collective have no opportunity to create their own opportunities for profit or loss, and;

N. Plaintiff and the FLSA Collective do not operate their own independent enterprises or maintain business sites separate from Defendants'.

22. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours a workweek without receiving overtime compensation for their overtime hours worked.

23. Additionally, Defendants directed and expected Plaintiff and the FLSA Collective to typically work at least twelve (12) hour days, oftentimes seven (7) days per week, for a total of at least eighty-four (84) hours worked per week. Defendants also instructed them to be on the job site whenever contractors were on the jobsites.

24. During the three year statutory period, Defendants routinely required Plaintiff and the FLSA Collective to be at the job site each day no later than 6 a.m. to start working and

routinely required them to work until at least 6 p.m. or sundown. Plaintiff and the FLSA Collective routinely worked these hours. Defendants also routinely expected them to work seven days per week, and Plaintiff and the FLSA Collective worked those days.

25. Defendants received complaints and/or inquiries from workers about its failure to compensate them an overtime premium for overtime hours worked. For example, upon information and belief, Defendant terminated one of Plaintiff's coworkers who was also a project lead approximately one week after that coworker complained to Defendants' management about not receiving overtime wages.

26. Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, requiring its project leads and others similarly situated, to work excessive hours and failing to pay them overtime compensation. The law is clear that day rate workers must be paid overtime compensation, and there are no exemptions that apply. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

27. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly-situated individuals who worked for Defendants who suffered from Defendants' practice of denying overtime pay and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated positions are known to Defendants and are readily identifiable through Defendants' records.

# CAUSES OF ACTION

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(On behalf of Plaintiff and the FLSA Collective)**

28. Plaintiff and the FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

29. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees additional compensation for hours worked that exceed forty (40) in a workweek.

30. Employees paid on a day rate basis are similarly entitled to overtime pay. 29 C.F.R. § 778.112.

31. Defendants suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours a workweek without overtime compensation.

32. Defendants' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective overtime pay.

33. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Collective, pray for judgment against Defendants as follows:

- A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

- B. A finding that Plaintiff and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

- C. A finding that Defendants violated the overtime provisions of the FLSA;

- D. A finding that Defendants' violations of the FLSA were willful;

- E. Judgment against Defendants in the amount of Plaintiff's and the FLSA Collective's unpaid back wages at the applicable rates;

- F. An award of all damages, liquidated damages, pre-judgment interest and/or post-judgment interest;

- G. An award of attorneys' fees and costs incurred in prosecuting this action;

- H. Leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

- I. Leave to amend to add state law claims; and

- J. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: September 4, 2015

        *s/Paul Lukas*
        NICHOLS KASTER, PLLP
        Paul J. Lukas, MN Bar No. 22084X*
        Attorney-in Charge
        Michele R. Fisher, MN Bar No. 303069*
        Of Counsel
        Alexander M. Baggio, MN Bar No. 389912*
        Of Counsel
        4600 IDS Center
        80 South 8th Street
        Minneapolis, MN 55402
        Telephone: (612) 256-3200
        lukas@nka.com
        abaggio@nka.com
        *Motion for Admission *Pro Hac Vice* forthcoming

        Attorneys For Plaintiff and the Putative
        FLSA Collective

# EXHIBIT A

# CONOCOPHILLIPS
# PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against ConocoPhillips to recover overtime pay.

2. During the past three years, there were occasions when I worked over 40 hours per week as project lead, or in a similar position, for ConocoPhillips, and did not receive overtime compensation for, my overtime hours worked.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 7/3/2015

Signature

Eric Cruz
Print Name

Redacted

Return this form by fax, email or mail to:
Nichols Kaster, PLLP, Attn: Michele R. Fisher
Fax: (612) 338-4878
Email: forms@nka.com
Address: 4600 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402
Web: www.nka.com

# EXHIBIT B

# CONOCOPHILLIPS
# PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against ConocoPhillips to recover overtime pay.

2. During the past three years, there were occasions when I worked over 40 hours per week as project lead, or in a similar position, for ConocoPhillips, and did not receive overtime compensation for, my overtime hours worked.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 8/25/15

Signature

CHRIS HENRY
Print Name

Redacted

Return this form by fax, email or mail to:
Nichols Kaster, PLLP, Attn: Michele R. Fisher
Fax: (612) 338-4878
Email: forms@nka.com
Address: 4600 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402
Web: www.nka.com

Redacted

# CONOCOPHILLIPS
# PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq, against ConocoPhillips to recover overtime pay.

2. During the past three years, there were occasions when I worked over 40 hours per week as project lead, or in a similar position, for ConocoPhillips, and did not receive overtime compensation for, my overtime hours worked.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 9/1/15

Signature

Print Name: Cole Scott

Redacted

Return this form by fax, email or mail to:
Nichols Kaster, PLLP, Attn: Michele R. Fisher
Fax: (612) 338-4878
Email: forms@nka.com
Address: 4600 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402
Web: www.nka.com

# CONOCOPHILLIPS
# PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against ConocoPhillips to recover overtime pay.

2. During the past three years, there were occasions when I ALWAYS worked over 40 hours per week as project lead, or in a similar position, for ConocoPhillips, and did not receive overtime compensation for, my overtime hours worked.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 26-AUG-2015   Signature: *Michael H. Gould*

Print Name: MICHAEL H. GOULD

Redacted

**Return this form by fax, email or mail to:**  Nichols Kaster, PLLP, Attn: Michele R. Fisher
Fax: (612) 338-4878
Email: forms@nka.com
Address: 4600 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402
Web: www.nka.com